**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| *In re:* <br><br> *Application of The Reporters Committee for Freedom of the Press and The Washington Post for an Order Further Unsealing the Orders, Briefs, Transcripts, Docket, Record, and Party Names in In re Grand Jury Subpoena No. 7409.* | Miscellaneous Action No. 1:24-mc-115-JEB |

## MOTION TO DEEM APPLICATION CONCEDED PURSUANT TO LOCAL CIVIL RULE 7(B) OR, IN THE ALTERNATIVE, FOR ENTRY OF A BRIEFING SCHEDULE

The Washington Post and Reporters Committee for Freedom of the Press ("Applicants") respectfully move this Court to deem their application pursuant to Local Criminal Rule 57.6 ("Application") conceded or, in the alternative, to enter a briefing scheduling requiring the government to file its response to the Application by October 30, 2024.  For the reasons stated herein, this Court should grant Applicants' requested relief.

Applicants moved to unseal the orders, briefs, transcripts, docket, record, and party names in the case captioned *In re Grand Jury Subpoena No. 7409*.  ECF 1.  That case concerned the efforts of a once-secret 'mystery witness' to resist compliance with a subpoena issued in connection with one of the most consequential government investigations in American history.  And, in light of the Post's reporting, it is now clear that the Egypt prong of that investigation, which this case concerns, also involved matters of grave and momentous national concern:  a foreign nation's potential illegal campaign contributions to—and potential bribery of—a presidential candidate who became president and who is running for that office again.

1

Applicants filed the Application on September 13, 2024, ECF 1, and served all interested parties on September 19, 2024, ECF 10 at 2.[1]  As the government has previously recognized, Local Civil Rule 7(b) provides the government 14 days to respond to an application.  *See In re Application of Los Angeles Times Communications LLC to Unseal Court Records*, 21-mc-16 (D.D.C. Mar. 9, 2021) (JEB) (BAH) (Government Motion, ECF 6).  Accordingly, the government's response was due on or before October 3, 2024.  *See* LCvR 7(b).  It failed to file any such response or to otherwise oppose the Application by that date; and it still has yet to do so. Instead, almost two weeks after the government's deadline to respond, the government contacted Applicants' counsel to seek agreement to extend its deadline by more than *another* month, until November 18, 2024.  The parties met and conferred on October 21, 2024.  Although Applicants tried to be reasonable and to propose multiple, middle-ground compromises for the government's response deadline, the government refused each proposal.[2]

Local Civil Rule 7(b) provides that the "Court may treat [a] motion as conceded" if a party's response "is not filed within the prescribed time."  As such, this Court can and should rule now on the Application.  Alternatively, rather than giving the government nearly two total months to respond to the Application as the government has indicated it would request, this Court should direct the government to file its substantive opposition (if any) no later than October 30, 2024.

Entering an order that, at a minimum, requires the government and the contemnor's counsel, Alston & Bird LLP, to remove redactions concealing (1) the name of the contemnor, (2)

[1] After serving Alston & Bird LLP at its Washington, D.C. office on September 19, 2024, Applicants also served Alston & Bird LLP's Charlotte, N.C., and New York, N.Y., offices on September 24, 2024.  ECF 10 at 2.

[2] When the parties met on October 21, 2024, the government agreed to draft and circulate a proposed joint filing the next day.  Applicants prepared an insert, but they never heard from the government.  Given the urgency of this matter, Applicants now move to memorialize their position.

any material that was redacted to protect the identity of the contemnor corporation and its country of origin, and (3) any material redacted to conceal the existence and nature of the investigation, or sets the government's response deadline as October 30, 2024, will cause no undue prejudice to the government—not least of which because its deadline to respond passed nearly three weeks ago.

Such an order would also align this proceeding with a parallel proceeding Applicants filed in the Eastern District of Virigina on September 13, 2024.  There, Applicants are seeking to unseal the remaining, redacted lines in an August 2, 2017 memorandum authored by then-Deputy Attorney General Rod J. Rosenstein setting forth the scope of Special Counsel Robert S. Mueller III's investigation.  *United States v. Manafort*, 18-cr-83 (E.D. Va. Sept. 13, 2024), ECF 334, 335, 336.  One week before a hearing was scheduled in that matter, the government, as here, asked for a 30-day extension (and a continuance).  *Id.* at ECF 353.  In its request, the government explained that "counsel [for the government] worked diligently to identify the component(s) of the United States Government that may possess equities in the Rosenstein Memo" after being served with the application in that matter, that "th[e] relevant components" of the government had been "identified," and that the government was "engaged with them to assess whether a fully unredacted version of the Rosenstein Memo can be made public without risking harm to national security." *Id.* at ECF 353 at 2.  At a hearing held last Friday, October 18, 2024, the Court denied the government's requests for a 30-day extension and a continuance and ordered "that, on or before Wednesday, October 23, 2024, the Government either declare that the redacted portions of the Rosenstein Memo are now unclassified, or file an ex parte and under seal declaration explaining why the portions remain classified."  *Id.* at ECF 359.

And while the government will suffer no undue prejudice if Applicants' request is granted, Applicants and the public will suffer significant harm if the government's deadline to respond is

extended to November 18, 2024.  Delaying resolution of this important, and time-sensitive request to unseal will undermine the very public interest and First Amendment values Applicants seek to vindicate.  As the Supreme Court has made clear, "[t]he right of citizens to inquire, to hear, to speak, and to use information to reach consensus is a precondition to enlightened self-government and a necessary means to protect it."  *Citizens United v. Federal Elections Comm'n*, 558 U.S. 310, 339 (2010).  The public is deep in the process of trying to reach that consensus.  "Speech is an essential mechanism of democracy, for it is the means to hold officials accountable to the people." *Id.*  The delay attendant to a November 18, 2024, deadline will stifle access to important information in its most critical moment of need.

Consistent with Local Civil Rule 7(b), and given the urgent public interest in the currently sealed filings in this proceeding, Applicants respectfully request that the Court treat the Application as conceded and enter an order requiring the government and contemnor's counsel to file public, unredacted versions of all previously redacted information pertaining to the Egypt investigation undertaken by the Special Counsel and later transferred to the U.S. Attorney's Office for the District of Columbia, including the name of the contemnor, any material that was redacted to protect the identity of the contemnor corporation and its country of origin, and any material redacted to conceal to the existence and nature of the investigation.  Alternatively, the Court, in conjunction with the government and the contemnor's counsel, Alston & Bird LLP, should remove redactions concealing (1) the name of the contemnor, (2) any material that was redacted to protect the identity of the contemnor corporation and its country of origin, and (3) any material redacted to conceal the existence and nature of the investigation.  If the Court is not inclined to grant Applicants' ultimate relief at this point in time, Applicants respectfully ask the Court to direct the government to respond to the Application on or before October 30, 2024.

October 22, 2024

Bruce D. Brown (D.D.C. Bar No. 457317)
Katie Townsend (D.D.C. Bar No. 1026115)
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
bbrown@rcfp.org
ktownsend@rcfp.org

Respectfully submitted,

/s/    *Theodore J. Boutrous Jr.*

Theodore J. Boutrous Jr. (D.D.C. Bar No. 420440)
*Counsel of Record*
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Phone: 213.229.7000
Facsimile: 213.229.7520
TBoutrous@gibsondunn.com

Lee R. Crain (D.D.C. Bar No. NY0337)
H. Chase Weidner (*pro hac vice*)
Megan R. Murphy (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Phone: 212.351.2454
Facsimile: 212.351.4035
LCrain@gibsondunn.com
CWeidner@gibsondunn.com
MMurphy2@gibsondunn.com

*Counsel for Applicants The Reporters Committee for*
*Freedom of the Press and The Washington Post*