IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE APPLICATION OF THE REPORTERS | : | |
| COMMITTEE FOR FREEDOM OF THE | : | 24-MC-115 (JEB) |
| PRESS AND THE WASHINGTON POST | : | |

**GOVERNMENT'S OPPOSITION TO APPLICANTS' MOTION TO DEEM APPLICATION CONCEDED PURSUANT TO LOCAL CIVIL RULE 7(B) OR, IN THE ALTERNATIVE, FOR ENTRY OF A BRIEFING SCHEDULE**

The United States respectfully opposes the Motion to Deem Application Conceded Pursuant to Local Civil Rule 7(b) or, in the Alternative, for Entry of a Briefing Schedule (the "Motion") filed by the Reporters Committee for Freedom of the Press and the Washington Post (together, the "Applicants"). The Motion represents a surprising escalation in what the Government believed to be productive, ongoing discussions about a reasonable briefing schedule. The Government thus requests that the Court deny Applicants' request to deem the Motion conceded and adopt Government's proposed briefing schedule.

I.   BACKGROUND

On September 13, 2024,[1] the Applicants filed the above-captioned Application for an Order Further Unsealing the Orders, Briefs, Transcripts, Docket, Record, and Party Names in *In re Grand Jury Subpoena No. 7409* (hereinafter the "Application"). The Application seeks to unseal previously redacted material from thousands of pages of filings, orders, and transcripts.

---

[1] The Application appears to be in service of ongoing reporting by the Washington Post related to Special Counsel Robert Mueller's investigation into election interference in the 2016 election. *See* Aaron C. Davis & Carol D. Leonnig, *$10M Cash Withdrawal Drove Secret Probe into Whether Trump Took Money from Egypt*, Wash. Post (Aug. 2, 2024), https://www.washingtonpost.com/investigations/2024/08/02/trump-campaign-egypt-investigation/. It is unclear why the Applicants waited nearly six weeks after the publication of their article to file this Application, given what they now describe as the "urgent public interest" in these unredacted materials.

According to their certificate of service, on September 19, 2024 (e.g., six days after they filed the Application), Applicants sent the Application via certified mail to the Attorney General of the United States and the Civil Process Docket Clerk for the United States Attorney's Office for the District of Columbia ("USAO-DC"). The undersigned attorneys do not know when the USAO-DC Civil Process Clerk received the filing, but it was initially mistakenly processed as a Freedom of Information Act claim until the Civil Division Chief became aware of it and notified the Criminal Division about the Application.

Promptly upon becoming aware of the Application, on October 16, 2024, the undersigned attorneys contacted counsel for the Applicants to propose a briefing schedule. *See* Ex. 1 (emails between counsel for the Applicants and the undersigned attorneys). Prior to hearing from the undersigned attorneys on October 16, 2024, the Applicants apparently made no attempt for over a month to follow up with the Government or the Court to solicit a response.

The parties initially conferred on the afternoon of Wednesday, October 16, 2024. During that call, the Government proposed a deadline of November 18, 2024, for the Government to file any brief in response to the Application to allow the Government time to review the voluminous materials, coordinate with various stakeholders, and determine whether there was a path to resolution short of litigation. Counsel for the Applicants indicated that they needed to discuss the Government's proposal with their client but would respond with their position by the end of the week.

When Applicants' counsel failed to respond by late afternoon on Friday, October 18, 2024, the Government followed up seeking their position on the Government's proposal. *Id.* Counsel did not respond until Monday, October 21, 2024, requesting a call. *Id.*

The parties spoke again on October 21, 2024. On the call, Applicants did not agree to the Government's proposed timeline and instead proposed a deadline of October 30, 2024, for the Government to respond substantively to the Application. When the Government informed counsel for Applicants that it would not be possible to conduct the type of review and internal coordination necessary for the Government's response in that timeframe, counsel for the Applicants requested the Government to file a status report by that date. The Government noted its belief that such a status report would provide very little useful information to the Applicants or the Court. The parties acknowledged their differing positions, and the Government agreed to draft a proposed joint filing for review and supplementation by counsel.

On October 23, 2024, the Government sent a draft Government Status Report & Joint Proposed Briefing Schedule to counsel for review. *Id.* In the body of the email, the Government stated: "In an effort to accommodate your client's request for a status report from the government by October 30, we decided to go one better and file a status report now (a week ahead of your proposed date), along with a proposed briefing schedule. Attached is a draft document for filing. Please let us know if you concur, or if you have any objections or suggested edits." *Id.* In response to that email, the Government learned, for the first time, that Applicants had filed the Motion late the previous night. Applicants did not notify the Government of their intent to file the Motion, seek the Government's position on their Motion, follow up with the Government about the draft proposed joint filing that had been discussed the prior day, or serve the Motion on the undersigned attorneys.

## II.     ARGUMENT

Applicants argue that the Application should be "conceded" because the Government failed to file a response by the "deadline" of October 3, 2024. Motion at 2. Applicants assume—without

providing any authority—that Local Civil Rule 7(b) applies to applications filed under Local Criminal Rule 57.6. By its plain language, Rule 7(b) sets a deadline of fourteen days for a party to oppose a "motion" filed under the rules. *See* LCvR 7(b). This is an *application* filed under the Local Criminal Rules, not a motion filed under the Local Civil Rules. No similar rule local rule imposes a fourteen-day default deadline for parties to respond to an application. Nor do they cite to any authority or examples of the Court deeming an application conceded where no response was filed within fourteen days. Instead, the practice of this Court has routinely been to order responses on a timeline set by the Court or agreed to by the parties. Local Rule 7(b) does not apply here, and the Motion should not be deemed "conceded."

Nor should the Court adopt the Applicant's proposed briefing schedule. The Application requires the review and evaluation of thousands of pages of materials and coordination across multiple components of the Department of Justice and other stakeholders outside the Department. To date, the Government has begun the process of reviewing the approximately 1,200 pages of materials that have previously been produced in redacted form and of identifying and evaluating the additional sealed materials that are the subject of the Application. The Government has also begun reaching out to relevant stakeholders, both inside and outside the Department of Justice, who will need to be consulted for the Government to formulate its position on the various categories of materials that remain sealed and/or redacted. By November 4, 2024, the Government intends to meet and confer with counsel for Applicants to determine whether there is a potential resolution of this Application. In the event that no resolution can be reached, the Government will be prepared to file any Response to the Petition by November 18, 2024. In the Government's view, this represents an aggressive but realistic timeline for the Government to determine its position on

the remaining redactions and, potentially, reach a resolution of some or all issues with Applicants before filing a Response.

Accordingly, the Government proposes the following schedule:

- November 4, 2024: Parties to meet and confer on or before this date to attempt to resolve outstanding issues.
- November 18, 2024: Government to file any necessary Response.
- December 2, 2024: Applicants to file any necessary Reply.

For these reasons, the Motion should be DENIED, and the Government's proposed briefing schedule should be adopted.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

*/s/ Gregg A. Maisel*
Gregg A. Maisel
D.C. Bar No. 447902
Assistant United States Attorney
Chief, National Security Section
Deputy Chief, Criminal Division
(202) 252-7812
Gregg.Maisel@usdoj.gov
Megan E. McFadden
M.A. Bar Number 687959
Assistant United States Attorney
202-252-7052
megan.mcfadden@usdoj.gov
601 D Street, N.W.
Washington, DC 20530

Dated: October 23, 2024